J-A14023-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LINDA JUDGE AND DAVID JUDGE, | : | IN THE SUPERIOR COURT OF |
| ADMINISTRATORS OF THE ESTATE | : | PENNSYLVANIA |
| OF ASHLEY JUDGE, DECEASED, | : | |
| LINDA JUDGE, IN HER OWN RIGHT | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| WYOMING VALLEY HEALTH CARE | : | |
| SYSTEM, INC.; WILKES-BARRE | : | |
| GENERAL HOSPITAL; CYNTHIA | : | |
| LISKOV, M.D. AND SAPPHIRE | : | |
| EMERGENCY SERVICES, P.C., | : | |
| | : | |
| Appellees | : | No. 1274 MDA 2013 |

Appeal from the Judgment Entered
December 15, 2011 and September 3, 2013,
in the Court of Common Pleas of Luzerne County,
Civil Division at No(s):  2007-00469, 2007-01810, 2007-01902

BEFORE:  FORD ELLIOTT,  P.J.E., OLSON and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED MAY 18, 2015**

I concur in the result of the holding by the learned Majority that this Court has jurisdiction over all of the appeals.  I write separately on this issue to ask:  "Is this trip necessary?"  A 15-year-old girl dies.  Her death may or may not be the responsibility of some or all of the Defendants.  Before the Majority addresses the liability issues, it painstakingly analyzes the jurisdictional questions for 28 pages.  I suggest that these issues are so complex that virtually no attorney could anticipate our ruling and the route we took to reach it.  Here, as I stated, I think the Majority reached the

* Retired Senior Judge assigned to the Superior Court.

proper result regarding jurisdiction. Yet, reasonable persons could differ, and it is entirely possible that the Judge family, and others similarly situated, could be deprived of justice because their counsel could not navigate through the jurisdictional maze presented by this case. The Courts and the Rules Committee must simplify appellate practice, or at least provide a "do-over," where procedural missteps prevent substantive justice.

I also write separately to distance myself from some of the Majority's discussion regarding Appellants' claim that the Hospital is liable for the actions and inactions of the medical command facility. I agree with the Majority that this Court's decision in **Riffe** defeats Appellants' claim; however, I do not read **Riffe** as broadly holding "that a hospital does not owe a duty to patients before their arrival at the care giving facility."[1] Majority Memorandum at 32. In my view, **Riffe** stands for the proposition that a hospital is not liable for services rendered to patients through EMS services.

---

[1] For instance, imagine a scenario where a hospital-employed obstetrician advised an expectant mother over the phone not to come to the hospital and that advice was negligent and led to a miscarriage. If, as part of a civil case, that patient can establish negligence on the part of the hospital, I do not believe **Riffe** would shield the hospital from liability.